UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § | | |
| § | Case No. 17-34283 | |
| **Robert R. Fretz, Jr.,** § | | |
| § | Chapter 7 | |
| Debtor. § | | |
| § | | |
| **SKAI Foundation,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Adv. No. 17-_____ | |
| § | | |
| **Robert R. Fretz, Jr.,** § | | |
| Defendant. § | | |

**COMPLAINT (I) OBJECTING TO DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523; AND (II) TO LIQUIDATE NON-DISCHARGEABLE DEBT TO A MONEY JUDGMENT**

**To the Honorable Marvin Isgur,
United States Bankruptcy Judge:**

SKAI Foundation ("SKAI") files this Complaint (I) Objecting to Dischargeability of Debt Pursuant to 11 U.S.C. § 523; and (II) To Liquidate Non-Dischargeable Debt to a Money Judgment.

**Jurisdiction and Venue**

1. This adversary proceeding is a core proceeding arising under Title 11 of the United States Code (the "Bankruptcy Code"). This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This adversary proceeding is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(B) and (I). SKAI consents to the entry of a final order or judgment by the bankruptcy judge.

2. Venue is proper pursuant to 28 U.S.C. § 1409 in that this adversary proceeding arises in and is related to the above-referenced bankruptcy case (the "Bankruptcy Case") under the Bankruptcy Code, which case is currently pending in this Court.

## Parties

3. SKAI is a 501(c)(3) private operating foundation. It may be served through its undersigned counsel of record.

4. Defendant Robert R. Fretz Jr. ("Fretz" or the "Debtor") is an individual who may be served at his residence, 919 Prairie Street, No. 3C, Houston, Texas 77002. Additionally, a courtesy copy of this complaint will be served on Fretz's counsel in the main bankruptcy case, Johnie J. Patterson, Walker & Patterson, P.C., 4815 Dacoma Street, Houston, Texas 77092.

## Background

5. SKAI was established in 2007 to provide direct services for charitable causes which include relief for the poor and the underprivileged, advancement of education, religious services by establishing and maintaining a religious facility and promoting cultural activities within the community and eliminating prejudice and discrimination.

6. On or about May 21, 2015, SKAI and Fretz Construction Company ("Fretz Construction") entered into an agreement for Fretz Construction to act as general contractor for the construction of a Hindu temple to be located in The Woodlands, Texas.

7. After several change orders, the final price for the work to be performed by Fretz Construction for the construction of the SKAI temple was $6.3 million.

8. Over the next two years, Fretz Construction submitted a total of 27 Applications and Certificates for Payment (the "Applications") to SKAI pursuant to Texas Property Code Section 53.085.

9. Each Application requesting further progress payment from SKAI is signed by the Debtor on behalf of Fretz Construction Company with the following representation:

> The undersigned Contractor certifies that to the best of the Contractors knowledge, information and belief, the Work covered by the Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for Work for which previous Certificates for Payment were issued and payments received from the Owner, and that current payment shown herein is now due.

10. Between May 2015 and May 2017, SKAI paid Fretz Construction a total of $5,835,185.00 in reliance on the Applications submitted by Fretz Construction.

11. According to Fretz Construction's most recent Application, dated May 31, 2017, it had completed approximately 99% of its work on the SKAI temple and stated that the balance to finish the project was $351,859.00.

12. In reality, the project was far from complete, including certain structures and scopes of work that Fretz Construction had not even begun.

13. The Debtor regularly visited the construction site and had personal knowledge of what work had and had not been completed by Fretz Construction.

14. In late May and early June, SKAI began receiving notices of mechanic and materialman's liens from various subcontractors on the project alleging that Fretz Construction had stopped paying them for work performed in January 2017 through June 2017.

15. To date, SKAI has received 18 lien notices from Fretz Construction's subcontractors in the aggregate amount of $1,517,777.00.

16. On June 20, 2017, Fretz Construction filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code initiating Case No. 17-33832.

17. Fretz Construction's bankruptcy schedules include many subcontractors on the SKAI temple project which the Debtor represented in the Applications had already been paid.

18. Upon information and belief, Fretz Construction was misappropriating funds from the SKAI project to pay for work performed on other projects or to pay other debts and obligations of Debtor or Fretz Construction.

19. On July 12, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code initiating this case.

20. On October 10, 2017, SKAI filed proofs of claim in unliquidated amounts against the Debtor and Fretz Construction.

21. SKAI is in the process of completing construction of the temple following Fretz Construction's chapter 7 filing. SKAI has and will incur substantial additional costs to complete the work for which it already paid Fretz Construction that was never performed.

### Count I – Money Judgment Against the Debtor

22. Paragraphs 1 through 21 above are incorporated by reference as if set forth in full herein.

23. The Applications were submitted to SKAI for payment pursuant to Texas Property Code Section 53.085.

24. The Debtor signed each of the Applications.

25. Pursuant to Texas Property Code Section 53.085(e), the Debtor is "personally liable for any loss or damage resulting from any false or incorrect information in the affidavit[s]."

26. The Applications contained false and incorrect information regarding the amount of work that had been completed and the amount of payments made to subcontractors.

27. As a result of these false and incorrect statements, SKAI has incurred and will continue to incur losses and damages in order to complete the scope of work on the temple that

Fretz Construction failed to perform and to pay Fretz Construction's subcontractors for work that had been performed.

28. SKAI requests entry of a money judgment against the Debtor personally in an amount to be determined at trial pursuant to Texas Property Code Section 53.085.

### **Count II — Section 523(a)(2)**

29. Paragraphs 1 through 28 above are incorporated by reference as if set forth in full herein.

30. Section 523(a)(2)(A) provides that a discharge under Section 727 does not discharge a debtor from any debt –

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by –
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C. §523(a)(2).

31. As forth above, the Debtor is personally liable to SKAI for amounts paid pursuant to the Applications.

32. The Applications contains representations of fact that, at the time they were made, the Debtor knew to be false.

33. Those false representations were material.

34. The Debtor intended SKAI to rely on these false representations.

35. SKAI justifiably relied on the Debtor's false representations.

36. The Applications constitute false pretenses.

37. The Applications contain false representations

38. The Applications constitute actual fraud.

39. Therefore, SKAI requests that its claim be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2).

### Count III — Section 523(a)(4)

40. Paragraphs 1 through 39 above are incorporated by reference as if set forth in full herein.

41. Section 523(a)(4) provides that a discharge under Section 727 does not discharge a debtor from any debt –

> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

11 U.S.C. §523(a)(4).

42. As set forth above, the Debtor fraudulently misappropriated SKAI funds with the intent to use those funds to pay for work that subcontractors had performed on other projects.

43. Therefore, SKAI's claims must be excepted from discharge pursuant to 11 U.S.C. § 523(a)(4).

WHEREFORE, SKAI respectfully requests that this Court enter a judgment in favor of SKAI and against Debtor, deny Debtor's discharge of SKAI's claim under section 523(a) of the Bankruptcy Code, and for such other and further relief as may be just and proper.

Dated:  October 10, 2017.

Respectfully submitted,

**Porter Hedges LLP**

/s/ Aaron J. Power
Aaron J. Power
State Bar No. 24058058
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6631
(713) 226-6295 – Fax

**ATTORNEYS FOR SKAI FOUNDATION**

## **CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing document was forwarded by United States mail, postage prepaid, on this the 10th day of October, 2017, to the following:

Robert R. Fretz Jr.
919 Prairie Street, No. 3C
Houston, Texas 77002

Johnie J. Patterson
Walker & Patterson, P.C.
4815 Dacoma Street
Houston, Texas 77092

/s/ Aaron J. Power
Aaron J. Power
